Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Christopher J. Bridger
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 12 2023

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LEE TOWNER,<br><br>Defendant. | 1:23-CR-2050-SAB<br><br>INDICTMENT<br><br>18 U.S.C. § 2252A(a)(2)(A), (b)(1)<br>Receipt of Child Pornography<br>(Count 1)<br><br>18 U.S.C. § 2252A(a)(2)(A), (b)(1)<br>Distribution of Child Pornography<br>(Count 2)<br><br>18 U.S.C. § 2252A(a)(5)(B), (b)(2)<br>Possession of Child Pornography<br>(Count 3)<br><br>18 U.S.C. § 2253<br>Forfeiture Allegations |

The Grand Jury charges:

COUNT 1

Beginning on or about November 18, 2018, and continuing through on or about May 23, 2019, in the Eastern District of Washington, the Defendant, KEVIN LEE TOWNER, did knowingly receive child pornography, as defined in 18 U.S.C.

INDICTMENT – 1

§ 2256(8)(A), the production of which involved the use of minors engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: visual depictions of minors engaging in sexually explicit conduct, including, but not limited to, the lascivious exhibition of their genitals and pubic areas, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## COUNT 2

Beginning on or about November 18, 2018, and continuing through on or about May 23, 2019, in the Eastern District of Washington, the Defendant, KEVIN LEE TOWNER, did knowingly distribute child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of minors engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: visual depictions of minors engaging in sexually explicit conduct, including, but not limited to, the lascivious exhibition of their genitals and pubic areas, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

INDICTMENT – 2

## COUNT 3

On or about October 6, 2020, in the Eastern District of Washington, the Defendant, KEVIN LEE TOWNER, did knowingly possess material which contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of minors engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit: visual depictions of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct, all in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), and/or 18 U.S.C. § 2252A(a)(5)(B), (b)(2), as alleged in Counts 1, 2, and/or 3 of this Indictment, the Defendant, KEVIN LEE TOWNER, shall forfeit to the United States any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real

INDICTMENT – 3

or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property, including, but not limited to, the following:

- A Beige MSI/AMD Computer Tower
- A Black & Red USB Thumb Drive; and
- A Dell XPS Computer Tower.

If any of the property described above, as a result of any act or omission of the Defendant:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED this 12 day of September 2023.

A TRUE BILL

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*[signature]*
Christopher J. Bridger
Assistant United States Attorney

INDICTMENT – 4