FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN LEE TOWNER,<br><br>Defendant. | No. 1:23-CR-02050-SAB-1<br><br>ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE<br><br>**ECF Nos. 6, 21, 22** |

On Wednesday, September 20, 2023, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 6). Defendant was represented by Assistant Federal Defender Jennifer Barnes. Assistant United States Attorney Chris Bridger represented the United States.

The Court has considered the Indictment (ECF No. 1), the Pretrial Services Report (ECF No. 7), the Supplemental Pretrial Services Report (ECF No. 15), and the arguments of counsel.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to

ORDER - 1

determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3). ECF No. 6. In such a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the

ORDER - 2

community" if there is probable cause to believe that the defendant committed "an offense involving a minor under . . . [18 U.S.C. §] 2251 [or] . . . 2252A". 18 U.S.C. § 3142(e)(3)(E). The Court agrees that the rebuttable presumption applies in the instant case because Defendant has been charged with violating 21 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), (b)(1), (b)(2). *See* ECF No. 1.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's risk of nonappearance and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

ORDER - 3

As to the first factor, Defendant is charged with possession, receipt, and distribution of child pornography. Counsel for Defendant noted that these charges are not so-called "hands-on" sex offenses; while this is correct, individuals are re-victimized during these alleged offenses. Additionally, and as noted above, due to the nature of these charges, there is a rebuttable presumption of detention in this case. Therefore, this factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). However, the Government's proffer regarding Defendant's post-*Miranda* statements indicates a strong case. Therefore, this factor weighs in favor of detention.

As to the third factor, Defendant has been a lifelong resident of the District and has minimal criminal history. That said, the Pretrial Services Report indicates that on July 22, 2022, Selah Police Department ("SPD") officers filed a report wherein it was alleged that Defendant entered an auto parts store while open-carrying a pistol. After an employee mentioned that there were no cameras in the store, Defendant is alleged to have stated, "[o]kay, good, I can shoot you."

Although the reporting SPD officer ultimately withdrew the request for a felony harassment charge, the Court cannot overstate the utter foolishness of such behavior: in addition to the fear and apprehension this creates for the individual at

ORDER - 4

whom the remark is directed, there is as well the danger the individual making the statement creates for himself when said statement is made without knowledge of whether the other individual is armed.  That said, as this behavior did not ultimately result in criminal charges, this factor weighs in favor of release.

As to the fourth factor, the offenses alleged in this case, as well as the 2022 auto parts store incident, present the Court with profound concern for community safety.  The Court believes Defendant's risk to community safety may be mitigated by the proper combination of conditions of release; however, this case presents a close call, and any violations may result in a return to custody pursuant to 18 U.S.C. § 3148.  This factor weighs in favor of release.

The Court finds that Defendant has overcome the rebuttable presumption of detention in this matter.  However, the presumption "is not erased" but instead becomes another factor to be weighed alongside the § 3142(g) factors. *Hir*, 517 F.3d at 1086.  And upon considering these five factors, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required.  Furthermore, the United States has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.  That said, this is

ORDER - 5

a close case and Defendant's margin for error while on release is very slim.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 6**) is **DENIED**.

2. Defendant's Motion to Expedite (**ECF No. 22**) is **GRANTED**.

3. Defendant's Motion to Modify Conditions of Release (**ECF No. 21**) is **GRANTED**.

4. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any

ORDER - 6

time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

5. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id*.

6. Defendant is bound over to Chief Judge Stanley A. Bastian for further proceedings.

7. Defendant shall abide by the following conditions at all times:

### STANDARD CONDITIONS OF RELEASE

1. Defendant shall not commit any offense in violation of federal, tribal, state, or local law.  Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for

ORDER - 7

the United States government or any federal or state law enforcement agency unless Defendant receives the approval of the district court judge with original jurisdiction over this matter and notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

2.  Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3.  Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4.  Defendant shall sign and complete form A.O. 199C before being released.

5.  Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6.  Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7.  Defendant shall contact defense counsel at least once a week.

8.  Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant

ORDER - 8

may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

9. Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

10. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by United States Probation/Pretrial Services.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  It shall be the responsibility of defense counsel to provide such waivers.

5. Defendant shall not be in the presence of minors.

6. Defendant shall not loiter within 500 feet of a school, childcare facility, playground, park, athletic field or facility, or any other business or facility having a principal purpose of caring for, educating, or entertaining minors.

7. Defendant shall not directly or indirectly use, access, or possess a computer or electronic media, including any devices, televisions, and cellular phones, with internet access capabilities, without the prior approval of United States Probation/Pretrial Services.  Electronic media possessed by other residents of the home shall be password protected, and Defendant shall not have access.

8. **GPS Monitoring:** Defendant shall participate in a program of GPS location monitoring.  Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office.  In the event Defendant does not respond to location monitoring or cannot be found, the

ORDER - 10

United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest, and detain the defendant.  Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

9. **Home Detention:** Defendant shall be restricted to his residence at all times except for attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the United States Probation/Pretrial Services Office or supervising officer, including but not limited to employment, religious services, medical necessities, and substance abuse testing or treatment.  Defendant may visit his elderly mother and aunt on Sunday afternoons from 1:00 p.m. to 6:00 p.m. (to include providing transportation for his aunt, who lives in Tieton and is unable to drive, to his mother's home).

**IT IS SO ORDERED.**

DATED September 28, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 11