Jennifer R. Barnes
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Kevin Lee Towner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Rebecca L. Pennell

| United States of America, | No. 1:23-CR-2050-RLP |
|---|---|
| Plaintiff, | |
| v. | **Response to Government's Sentencing Memorandum** |
| Kevin Lee Towner, | |
| Defendant. | |

Kevin Towner hereby files this response to the Government's Sentencing Memorandum.[1] Mr. Towner takes issue with the suggestion that he deliberately downplayed his financial circumstances when he was interviewed by United States Probation for the purposes of the Presentence Investigation Report ("PSR"). In

---

[1] ECF 74.

Response to the Government's
Sentencing Memorandum: 1

addition, Mr. Towner has yet to be provided any documentation supporting the many substantial restitution requests; as such, he requests that information be disclosed to him and he asks that the Court conduct a restitution hearing to determine the appropriate amounts to be ordered, commensurate with his relative role in the causal process that underlies the victims' general losses.[2]

At the time Mr. Towner was interviewed by United States Probation for the PSR, he had no financial records with him, and he had not recently checked his accounts and their balances. Undersigned counsel did not alert him to the need to come to the interview with precise figures, in part because the U.S. Attorney's Office was requiring him to complete their financial disclosure forms, anyway. In fact, he stated to the PSR author that his wife maintains their finances, and he was therefore making his best guess(es) as to the information at that time.

Regardless, Mr. Towner did disclose significant assets to the PSR author, the majority of which was, and is, in the form of his 401k accounts.[3] As such, the average balance of such account(s) necessarily fluctuates with the stock market and were roughly the amounts he estimated, as of the last time he checked them. In addition, since those assets are largely in the form of 401k monies, which often cannot be immediately

---

[2] *Paroline v. United States*, 572 U.S. 434 (2014); 18 U.S.C. § 2259.

[3] PSR ¶ 79.

Response to the Government's
Sentencing Memorandum:  2

accessed and which can potentially incur substantial penalties and a hefty tax bill if withdrawn quickly, their total value at any given time is potentially very misleading.

It is also important to note that, now that he is a convicted felon and is over 60 years old, he will likely never be able to work again.[4] These assets are also community property, and his wife's inability to work and the costs associated with upkeep on their home are also not-insignificant considerations. As such, and because Mr. Towner and his wife need to live on these retirement savings for the rest of their lives, he objects to the government's request that he be ordered to pay the monetary penalties in full within 10 days of the Judgment.[5]

Other than working all his life and thereby having 401k plan(s) to assist with his retirement, there is nothing that sets Mr. Towner apart from anyone else whose savings are less than his, and who would be permitted to make payments at regular intervals. The restitution will be paid, and it will certainly be paid much more rapidly than it would if Mr. Towner was penniless. He simply requests that the Court determine the restitution amount following a hearing, and that he be ordered to pay according to a

---

[4] And due to numerous health conditions, his wife's medical bills are substantial.

[5] It is also unlikely, as a practical matter, that the Court can even determine the specific restitution amounts at the time of sentencing, so it makes little sense to have Mr. Towner ordered to pay a lump sum in an unspecified amount.

Response to the Government's
Sentencing Memorandum:  3

payment schedule deemed appropriate by the Court.[6]

Finally, ordering Mr. Towner to pay such a large amount in one lump sum payment would also have the potential effect of violating the statute which governs such restitution, which makes clear that in cases involving child pornography:

> A victim's total aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses. After the victim has received restitution in the full amount of the victim's losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, *the liability of each defendant who is or has been ordered to pay restitution for such losses to that victim shall be terminated.* The court may require the victim to provide information concerning the amount of restitution the victim has been paid in other cases for the same losses.

18 U.S.C. 2259(b)(2)(C) (emphasis added).

Dated:  August 4, 2025.

By <u>s/ Jennifer R. Barnes</u>
　　Jennifer R. Barnes, 23664
　　Federal Defenders of Eastern
　　Washington and Idaho
　　306 East Chestnut Avenue
　　Yakima, Washington 98901
　　(509) 248-8920
　　(509) 248-9118 fax
　　Jennifer_Barnes@fd.org

---

[6] This is contemplated by the statute, not quoted in its entirety in the government's submission; 18 U.S.C. § 3664(f)(3)(A): "A restitution order may direct the defendant to make a single, lump-sum payment, *partial payments at specific intervals*, in-kind payments, or a combination of payments at specified intervals and in-kind payments." *Id.* (emphasis added).

Response to the Government's
Sentencing Memorandum:  4

**Certificate of Service**

I hereby certify that on August 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Michael D. Murphy, Assistant United States Attorney.

s/Jennifer R. Barnes
Jennifer R. Barnes

Response to the Government's
Sentencing Memorandum:  5